UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-144

| | | |
|---|---|---|
| **ESTATE OF BRANDON CHASE COX,** by and through Co-Administrators **TONY COX** and **REBA RENEE COX,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| **CHARLES S. MCDONALD,** in his official capacity as Sheriff of Henderson County, North Carolina; **SOUTHERN HEALTH PARTNERS, INC.;** and **MICHELLE RUSSELL,** | ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Southern Health Partners, Inc. and Michelle Russell's Motion to Dismiss. Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

**I.  Background**

Brandon Cox was incarcerated at the Henderson County Jail from September 1, 2014 to September 7, 2014 on charges of drug possession. On September 2 and 3, defendant Russell saw him in his holding cell and took notes that he was incoherent, unable to provide personal information after several requests, and seemed confused; after Cox signed an authorization for release of his medical records related to prior psychiatric treatment, defendant Russell sent a records release and obtained a copy of those records on September 3, 2014. Cox was then transferred from the holding cell and placed in a regular housing cell. On September 7, 2014,

-1-

officers discovered Cox unresponsive in his cell, as a result of hanging himself. The following day, Cox died at Mission Hospital.

According to plaintiffs Tony and Reba Cox, in their capacity as administrators of Brandon Cox's estate, defendants are responsible for Brandon Cox's wrongful death due to deprivation of mental health treatment during his incarceration. However, in the instant motion, defendants argue that plaintiffs' claims are time-barred by the applicable statute of limitations and should be dismissed.

**II.    Legal Standard**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to defeat a Rule 12(b)(6) motion. Id.; see also Twombly, 550 U.S. at 547 (complaints will be dismissed when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed

in the light most favorable to the non-moving party, <u>Coleman v. Md. Court of Appeals</u>, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments." <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" <u>Pisgah Laboratories, Inc. v. Mikart, Inc.</u>, 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (<u>quoting</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)).

### III. Discussion

The main issue in this case is whether the savings provision of Rule 41(a) of the North Carolina Rules of Civil Procedure may be applied to toll a statute of limitations for a federal question action filed and voluntarily dismissed from federal court; if defendants are correct in their arguments and the tolling provision does not apply, then plaintiffs' claims are time-barred.

Plaintiffs have brought their claim pursuant to 42 U.S.C. § 1983, which does not itself have a statute of limitations; as such, the court "borrow[s] the state law of limitations governing an analogous cause of action." <u>Board of Regents of the University of the State of New York v. Tomanio</u>, 446 U.S. 478, 483-84 (1980) (quotation omitted). The "coordinate tolling rules" are generally also borrowed, and "are binding rules of law in most cases." <u>Id.</u> at 484 (holding that unless federal law or the policies underlying § 1983 are undermined, the state's tolling rule applies). Indeed, contrary to defendants' assertion that § 1983 does not contemplate adoption of state procedural rules, "Congress quite clearly instructs [federal courts] to refer to state statutes when federal law provides no rule of decision for actions brought under § 1983." <u>Id.</u> (quotation and citation omitted). As such, the court will apply the associated tolling rule.

While it is worth noting that a state statute may be displaced when it is inconsistent with federal policy, the court cannot find any such inconsistency here. The Supreme Court has identified that "two of the principal policies embodied in § 1983 [are] deterrence and compensation." Id. at 488. Neither is significantly affected by applying North Carolina's rule; in fact, it would appear to reinforce both policies by allowing plaintiff the chance to recover and thereby be compensated and encourage deterrence in similar future matters. Defendants also argue that federal principles of uniformity favor enforcing the statute of limitations but not the tolling provision, but the court cannot agree. As held by the Supreme Court, "[t]he need for uniformity, while paramount under some federal statutory schemes, has not been held to warrant the displacement of state statutes of limitations for civil rights actions." Id. (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975)). And in such an action, "statutory reliance on state law obviously means that there will not be nationwide uniformity on these issues." Robertson v. Wegmann, 436 U.S. 584, 594 n. 11 (1978)). As plaintiffs are bringing a civil rights action under § 1983, the Court finds that it should borrow the applicable state statute of limitations in full, as the accompanying tolling provisions are "an integral part of a complete limitations policy." Tomanio, 446 U.S. at 488; see also Leardini v. Charlotte-Mecklenburg Bd. of Educ., 2011 WL 1234743 (W.D.N.C. Mar. 29, 2011) (unpublished) (holding that both the statute of limitations and the accompanying tolling provisions should apply to § 1983 actions).

Defendants also argue that North Carolina state courts have repeatedly held that the savings provision should not apply. However, neither case relied upon by defendants is relevant here. In Bockweg v. Anderson, 402 S.E.2d 627 (N.C. 1991), the North Carolina Supreme Court ruled on a statute of limitations issue relating to a diversity action dismissed from federal court

and refiled in state court. Here, plaintiffs voluntarily dismissed their claims in federal court and then refiled in the same federal court under federal question jurisdiction, not diversity jurisdiction. And in Renegar v. RJ Reynolds Tobacco Co., 549 S.E.2d 227 (N.C.App. 2001), while the North Carolina Court of Appeals ruled on a statute of limitations issue in a federal question case and ruled the savings provision did not apply, the plaintiff in Renegar had filed a state claim entirely unrelated to his previous federal claim. And perhaps most important of all, neither case dealt with claims under § 1983 at all. As such, given the lack of state precedent and a wealth of precedent from the Supreme Court encouraging federal courts to adopt state statutes of limitations and their accompanying tolling provisions, the court will do the same here.

Here, plaintiffs filed a stipulation of voluntary dismissal of their first action without prejudice on May 24, 2017 pursuant to Federal Rule of Civil Procedure 41(a), and then refiled their Complaint in the instant matter on May 24, 2018. As Rule 41(a) of the North Carolina Rules of Civil Procedure has a one-year savings provision and exactly one year elapsed between plaintiffs' voluntary dismissal of their action and refiling in the instant matter, the court finds that plaintiffs' claims are not time-barred. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). As such, defendants' motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#7) is **DENIED**.

Signed: July 25, 2018

Max O. Cogburn Jr
United States District Judge